This is a pro se appeal from a district court order terminating appellant's parental rights as to the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.
To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1) ; In re Termination of Parental Rights as to N.J. , 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, unfitness, risk of serious injury to the child if the child is returned to the parent, failure of parental adjustment, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. In re Parental Rights as to A.L., 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).
Appellant contends that substantial evidence does not support the district court's findings of parental fault. Specifically, she argues that she complied with the case plan and her constitutional rights were violated when she was required to admit to abusing or neglecting the child in order for the child to be returned to her care.
We conclude that substantial evidence supports the district court's findings that appellant neglected the child, is an unfit parent, and failed to adjust the circumstances that led to the child's removal. NRS 128.105(1)(b) ; NRS 128.0126 (providing that failure of parental adjustment occurs when a parent is unable or unwilling to substantially correct the circumstances that led to the child's placement outside of the home within a reasonable time); NRS 128.014(1) (explaining that a child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent"); NRS 128.018 (providing that a parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support"). In determining a parent's neglect or unfitness, the court must consider conduct toward the child of a physically abusive nature. NRS 128.106(1)(b).
Appellant pleaded guilty to misdemeanor child abuse, neglect, or endangerment after the child sustained injuries from appellant hitting the child with a ruler. Appellant then failed to meaningfully participate in therapy to address the abuse as she refused to admit to the abuse in therapy. Appellant's Fifth Amendment right against self-incrimination was not violated by the requirement that she admit to the abuse in therapy because she pleaded guilty to the abuse and because substantial evidence supports the district court's findings that therapy would not be meaningful unless appellant admitted to the abuse and accepted therapeutic intervention. See Reina v. U.S., 364 U.S. 507, 513 (1960) (explaining that if a person is convicted of a crime, he or she no longer has the privilege against self-incrimination); In re Parental Rights as to S.L., 134 Nev., Adv. Op. 59, 422 P.3d 1253, 1258 (2018) (explaining that a parent's Fifth Amendment rights are not violated when a parent's failure to admit to abuse prevents meaningful therapy). Further, substantial evidence demonstrates that appellant failed to complete her case plan. Thus, substantial evidence in the record supports the district court's parental fault findings that appellant neglected the child, is an unfit parent, and failed to adjust the circumstances that led to the child's removal.[1]
While appellant does not specifically challenge the district court's findings that termination of her parental rights was in the child's best interest, we conclude that substantial evidence supports those findings. The child has been out of appellant's care for 55 months and appellant did not rebut the presumption that termination was in the child's best interest. NRS 128.109(2) (providing that termination is presumed to be in the child's best interest if the child has been out of the parent's care for 14 of any 20 consecutive months). Further, there was evidence that appellant was inappropriate during visitations with the child, the child asked not to be returned to appellant's care, the child felt uncomfortable testifying before appellant, and the child has improved in foster care. Thus, substantial evidence supports the district court's finding that termination was in the child's best interest. Accordingly, we
ORDER the judgment of the district court AFFIRMED.[2]

Because only one ground of parental fault is required to support the termination of parental rights, see NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

To the extent appellant's additional arguments are not addressed herein, we have considered them and conclude they do not warrant reversal.